UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TERRANCE FLETCHER, <br>    SID # 679425, <br>        Plaintiff <br><br> v. <br><br> BEXAR COUNTY SHERIFF'S OFFICE, <br> UNIVERSITY HEALTH SYSTEM, <br> MARILYNN DENNETT, <br> CORPORAL F/N/U GONZALEZ, <br> SERGEANT E. GONZALEZ, <br> SERGEANT F/N/U GUSTIN, <br><br>        Defendants | § § § § § § § § § § § § § § § § | Civil Action <br> No. SA-10-CA-555-OG |

**SHOW CAUSE ORDER**

      Before the Court is Plaintiff Terrance Fletcher's 42 U.S.C. § 1983 civil rights complaint. Plaintiff's allegations are not clear. He alleges on May 17 in some unspecified year, most likely 2010, Dr. Miguel Ramirez-Colon gave Plaintiff medical authorization to wear tennis shoes, because Plaintiff is flat-footed with collapsed arches and one foot is deformed. Plaintiff appears to allege that he had a pair of black tennis shoes stored as his property at the Bexar County Adult Detention Center (BCADC). He claims that on June 4, 2010, Medical Administrator Grisolle and Defendant Corporal Gonzalez told Plaintiff his black tennis shoes were fine. However, on June 14, 2010, after Plaintiff filed a grievance against Corporal Gonzalez and Grisolle, Defendant Sergeant Gustin and Corporal Gonzalez asked Plaintiff if he had medical authorization for tennis shoes. Plaintiff answered that he did. Sergeant Gustin said that next time he would take Plaintiff's tennis shoes and that Plaintiff should tell his family to send $25 so Plaintiff could purchase white tennis shoes from the commissary. Plaintiff asserts the commissary tennis shoes do not meet the standards of the

Americans with Disabilities Act (ADA). Plaintiff contends Defendant Marilynn Dennett sent Defendant Sergeant Gonzalez to tell Plaintiff that Dennett was tired of getting grievances about Plaintiff's tennis shoes. Plaintiff contends he has been told by Dennett, Sergeant Gustin, Sergeant Gonzalez, and Corporal Gonzalez that he could not wear his tennis shoes. Plaintiff claims this violated his rights under the ADA. Plaintiff also complains he typed a sick call request to be seen by a doctor, but Dennett took the form and showed it to Corporal Gonzalez and Sergeant Gustin. It is unclear whether Plaintiff ever wore tennis shoes in BCADC.

Plaintiff claims Defendants violated his civil rights under the ADA, there was retaliation, and Dennett violated his civil rights by disclosing a medical slip to Defendants Corporal Gonzalez and Sergeant Gustin. Plaintiff does not identify the medical slip, but attached to his complaint is a disciplinary report alleging Plaintiff used a law library typewriter to type sick call request, even though the typewriters are for legal use only.

Title 28 U.S.C. § 1915(e)(2)(B)(I)-(ii) states the court shall dismiss an in forma pauperis complaint if the court determines it is frivolous or malicious, or fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action may be dismissed for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). For the purpose of making these determinations, this Court accepts as true the factual allegations of the complaint. *United States v. Gaubert*, 499 U.S. 315, 326 (1991).

When interpreting a prisoner's IFP complaint, the court should look at the substance of the

complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts." *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990). Conclusory IFP complaints may be dismissed as frivolous. *See, e.g.*, *Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir. 1988).

*Plaintiff's claims in his § 1983 Complaint are frivolous or fail to state a claim and therefore are subject to dismissal for the following reasons:*

Plaintiff's factual allegations are not clear. He appears to complain that he is either not being allowed to wear his tennis shoes or that he is wearing his tennis shoes, but he is being told not to do so. Plaintiff must clarify his fact allegations.

To establish liability on the part of a governmental agency, a plaintiff must allege a policy or custom which caused the alleged constitutional deprivation. *See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978). An employer is not liable under § 1983 on a respondeat superior theory, *i.e.*, an employer is not liable under § 1983 solely because he employs a tortfeasor. *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. at 691. Plaintiff has failed to allege a policy or custom as a basis for liability against the Bexar County Sheriff's Office or the University Health System - Detention Services.

Plaintiff appears to allege he has been denied medical care in the form of medical tennis shoes. To establish a civil rights claim for the denial of medical care, a prisoner must allege and prove the prison authorities were deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1978). Negligence is not a basis for a civil rights action under § 1983, *see Daniels v. Williams*, 474 U.S. 327, 329-336 (1986), and "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," *Estelle v.*

*Gamble*, 429 U.S. at 106. Disagreement with a course of treatment is not a basis for a civil rights action. *Norton v. Dimazana*, 122 F. 3d 286, 292 (5th Cir. 1997). "Unsuccessful medical treatment does not give rise to a § 1983 cause of action." *Varnado v. Lynaugh*, 920 F. 2d 320, 321 (5th Cir. 1991). A delay in providing medical care is not a violation of this constitutional right unless it is due to deliberate indifference and it results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993).

Although it is not clear, Plaintiff appears to allege he is not being allowed to wear his personal tennis shoes that are being stored. However, he does not allege his personal tennis shoes are medical tennis shoes or that they have been approved by medical personnel at the detention facility. Attached to the complaint is a grievance and response concerning tennis shoes. Plaintiff was informed that medical shoes are purchased through the commissary and that medical personnel disapproved Plaintiff's tennis shoes as medical shoes. Plaintiff contends the commissary tennis shoes are inadequate, but that is a conclusory allegation. Moreover, Plaintiff has not alleged facts to show deliberate indifference. Instead, Plaintiff disagrees with what he has been told by medical personnel — that he cannot wear his personal tennis shoes and that he must obtain appropriate medical shoes from the commissary. Disagreement with treatment is not a basis for a civil rights action. Additionally, Plaintiff has not alleged facts to show he has a serious medical need for tennis shoes, and he has not alleged facts to show how he has suffered substantial harm.

Plaintiff also claims his rights under the Americans with Disabilities Act were violated because he was denied his personal tennis shoes. Plaintiff has not alleged facts to show he has been discriminated against by reason of a disability. *See Penn. Dept. Of Corr. v. Yeskey*, 524 U.S. 206, 209-10 (1998).

Plaintiff makes a conclusory claim of retaliation. "To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir.1999). Prison officials may not retaliate against an inmate for complaining to a supervisor about a guard's misconduct. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.1995). A conclusory claim of retaliation is insufficient. *Id*. at 1166. However, a plaintiff may allege a chronology of events from which retaliation may be inferred. *Id*. The retaliatory adverse act cannot be so *de minimis* that it would not deter an ordinary person from further exercising his or her constitutional rights. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). Causation means that but for the retaliatory motive, the adverse action would not have occurred. *Johnson v. Rodriguez*, 10 F.3d 299, 310 (5th Cir. 1997). Plaintiff's conclusory claim of retaliation is insufficient.

Plaintiff also asserts his privacy rights were violated when Dennett showed Plaintiff's sick call request form to Corporal Gonzalez and Sergeant Gustin. It is not clear whether sick call requests are routinely seen by guards. For example, it is not clear whether inmates give sick call requests to guards. It is not unusual for inmates to indicate a need for medical attention by notifying guards. Thus, it is not clear what privacy rights Plaintiff had in a sick call request form. Even if Plaintiff had a privacy right regarding his sick call request form, inmates have a limited right to privacy that must be balanced with jail administrators' judgments about jail security. *Oliver v. Scott*, 276 F.3d 736, 745 (5th Cir. 2002). A jail regulation that is claimed to inhibit the exercise of a constitutional right need only be reasonably related to legitimate penological interests. *Id*. Here, it appears from the disciplinary report provided by Plaintiff that the sick call request form was shown to guards because it was typed on a typewriter in the law library in violation of jail rules that limit typewriters to legal

work. As such, Plaintiff's constitutional right to privacy was not violated. It is reasonable to limit typewriter usage so that inmates who need to petition courts may do so without having to wait for someone using a typewriter for non-legal matters. It is also reasonable to report rules violations to guards. Plaintiff has not shown his constitutional rights were violated. Moreover, to the extent Plaintiff may be raising a claim under the Health Insurance Portability and Accountability Act (HIPAA), there is no private cause of action under HIPAA and no federal subject matter jurisdiction over such a claim. *Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006).

Before dismissal Plaintiff is entitled to amend his Complaint to cure these deficiencies if possible. *See Neitzke v. Williams*, 490 U.S. 319, 329, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). **Therefore, Plaintiff shall show cause within twenty-one (21) days why this Court should not dismiss his claims as frivolous and for failure to state a claim, as explained in this Order, by filing an amended complaint (of no more than ten (10) pages) curing these deficiencies or explaining why his claims should not be dismissed.** If Plaintiff fails to respond to this Order, this action will be dismissed for failure to prosecute and failure to comply with this Order. *See* Fed. R. Civ. P. 41(b).

**SIGNED** on July 20, 2010.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE